UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


MARLON NUNEZ                    ]
     Plaintiff,                 ]
                                ]
v.                              ]      No. 3:10-0458
                                ]      Judge Campbell
OFFICER RICE                    ]
     Defendant.                 ]


**M E M O R A N D U M**

The plaintiff, proceeding *pro se*, is an inmate at the Metro Davidson County Detention Facility in Nashville. He brings this action pursuant to 42 U.S.C. § 1983 against Officer Rice, a member of the staff at the Davidson County Criminal Justice Center, seeking damages.

Prior to being transferred to his present place of confinement, the plaintiff was an inmate at the Davidson County Criminal Justice Center. On July 4, 2009, the plaintiff alleges that the defendant touched him in a sexually inappropriate manner.

This action is being brought against the defendant in his official capacity only. As such, the plaintiff is suing the defendant's official office rather than the individual himself. Will v. Michigan Department of State Police, 109 S.Ct. 2304, 2312 (1989). In essence, then, the plaintiff's claim is against Davidson County, the municipal entity that operates the Criminal Justice

Center. *See* Kentucky v. Graham, 105 S.Ct. 3099, 3105 (1985).

A claim of governmental liability requires a showing that the misconduct complained of came about pursuant to a policy, statement, regulation, decision or custom promulgated by Davidson County or its agent, the Davidson County Sheriff's Department. Monell v. New York City Department of Social Services, 98 S.Ct. 2018 (1978). In short, for Davidson County to be liable under § 1983, there must be a direct causal link between an official policy or custom and the alleged constitutional violation. City of Canton v. Harris, 109 S.Ct. 1197 (1989).

The plaintiff has offered nothing to suggest that his rights were violated pursuant to a policy or regulation of Davidson County that would allow the inappropriate touching of an inmate. Consequently, the plaintiff has failed to state a claim against the defendant acting in his official capacity.

In the absence of an actionable claim, the Court is obliged to dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

_____
Todd Campbell
United States District Judge